IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

MATTHEW ALLEN TAYLOR,

    Plaintiff,

v.                                                 Case No. 3:21-cv-00539

PRIMECARE MEDICAL, INC.,
WESTERN REGIONAL JAIL,
WEST VIRGINIA DEPARTMENT OF CORRECTIONS
AND REHABILITATION, REGINA BRYANT,
MRS. MOORE, Director of Inmate Services, and
CARL ALDRIDGE, Superintendent,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court are a Motion to Dismiss the Complaint and Alternative Motion for Summary Judgment filed by Defendants PrimeCare Medical, Inc. ("PrimeCare") and Regina Bryant ("Bryant") (ECF No. 20) and a Motion to Dismiss filed by Defendants West Virginia Division of Corrections and Rehabilitation ("WVDCR"), Western Regional Jail ("WRJ"), Mrs. Moore ("Moore"), and Carl Aldridge ("Aldridge") (ECF No. 30). Both motions are unopposed.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On September 24, 2021, the Clerk's Office received a complaint from Plaintiff alleging that, on June 27, 2021, when he was booked into the WRJ, he advised a nurse

that he had been exposed to Human Immunodeficiency Virus ("HIV") and he requested HIV testing and treatment if necessary. (ECF No. 2 at 4). The initial complaint further alleged that, despite submitting approximately six sick call requests, no bloodwork had been done in 83 days. (*Id.* at 5). The complaint requested injunctive relief in the form of receiving the requested treatment and monetary damages for alleged cruel and unusual punishment and mental anguish. (*Id.*)

On September 27, 2021, United States Magistrate Judge Cheryl A. Eifert entered a Memorandum Opinion and Order granting Plaintiff's Application to Proceed Without Prepayment of Fees and Costs and directing Plaintiff to file an amended complaint within 45 days. (ECF No. 4). On October 12, 2021, Plaintiff filed a proposed amendment and provided a grievance document. (ECF No. 5). However, Magistrate Judge Eifert found that the proposed amendment did not correct all the deficiencies addressed in her prior order. Accordingly, on November 24, 2021, Magistrate Judge Eifert granted Plaintiff a second opportunity to file a proper amended complaint. (ECF No. 10).

On January 10, 2022, Plaintiff filed his amended complaint (ECF No. 11) on which this matter is now proceeding. The amended complaint alleges that, on June 27, 2021, Plaintiff advised Defendant Bryant that he had most likely been exposed to HIV and needed a diagnosis and potential treatment. (*Id.* at 4). Plaintiff further alleges that he submitted 10-15 sick call requests asking for bloodwork and treatment and none of them were answered. (*Id.* at 5). Plaintiff further alleges that he submitted grievances about the delay or denial of such medical treatment, which were rejected by Defendant Moore, and that he thereafter appealed those grievance decisions to Defendant Aldridge and WVDCR Commissioner Betsy Jividen and "nothing was done." (*Id.*) Again, Plaintiff seeks

2

injunctive relief in the form of the requested medical treatment and monetary damages for pain and suffering and emotional distress. (*Id.*)

On February 25, 2022, PrimeCare and Bryant filed the instant Motion to Dismiss and Alternative Motion for Summary Judgment and a Memorandum of Law in support thereof asserting that the amended complaint fails to state a claim upon which relief can be granted against either PrimeCare or Bryant (collectively, "the PrimeCare Defendants"). (ECF No. 20; ECF No. 21 at 2-6). With their motion, the PrimeCare Defendants also provided Plaintiff's medical records demonstrating that bloodwork and HIV testing were performed on October 7-8, 2021, and a report dated October 9, 2021 established that Plaintiff was HIV negative and did not require any treatment. (*Id.* at 2, 6).

Thus, the PrimeCare Defendants assert that their conduct did not rise to the level of deliberate indifference to a serious medical need to establish a violation of the Eighth Amendment. (*Id.* at 6). Their motion documents further assert that Plaintiff's claim for damages for emotional distress is barred by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) because Plaintiff has not demonstrated any physical injury. (*Id.* at 6-7).

On March 21, 2022, Defendants WVDCR, WRJ, Moore, and Aldridge (collectively, "the WVDCR Defendants") filed a Motion to Dismiss and a Memorandum of Law in support thereof asserting that the WVDCR, WRJ, and Moore and Aldridge in their official capacities, are not persons who can be sued under 42 U.S.C. § 1983 and are further immune from suit under the Eleventh Amendment. (ECF No.30; ECF No. 31 at 4-8). Their motion documents also assert that Plaintiff has not established that he had a serious medical need to demonstrate a plausible Eighth Amendment violation, that Plaintiff's

3

claim for damages for emotional distress is barred by the PLRA, and that his claim for injunctive relief is moot. (*Id.* at 7-17).

On March 21, 2022, the undersigned entered an Order and Notice, in accordance with the decision in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff that he had a right and obligation to respond to the Defendants' motions by April 15, 2022. (ECF No. 32). Plaintiff did not respond to either motion. Accordingly, Defendants' motions are deemed undisputed.

## **STANDARD OF REVIEW**

### *Dismissal for failure to state a claim upon which relief can be granted*

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal

4

> conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

556 U.S. at 678-79.

### *Summary Judgment*

In evaluating summary judgment motions, Rule 56(a) of the Federal Rules of Civil Procedure provides:

> A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. P. 56(a) (2010). Material facts are those necessary to establish the elements of a party's cause of action. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable factfinder could return a verdict for the non-movant. *Id*. The moving party has the burden of establishing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Even if there is no dispute as to the evidentiary facts, summary judgment is also not appropriate where the ultimate factual conclusions to be drawn are in dispute. *Overstreet v. Kentucky Cent. Life Ins. Co.*, 950 F.2d 931, 937 (4th Cir. 1991).

> Rule 56(c)(1) of the Federal Rules of Civil Procedure provides that:
>
> A party asserting that a fact cannot be or is genuinely disputed, must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Subsection (e) of Rule 56 provides that, if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact, the court may: (1) give the parties an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and undisputed supporting materials show that the movant is entitled to it; or (4) issue any other appropriate order. Fed. R. Civ. P. 56(e).

A court must neither resolve disputed facts nor weigh the evidence, *Russell v. Microdyne Corp.*, 65 F.3d 1229, 1239 (4th Cir. 1995), nor make determinations of credibility. *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986). Rather, the party opposing the motion is entitled to have his or her version of the facts accepted as true and, moreover, to have all internal conflicts resolved in his or her favor. *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979). Inferences that are "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). However, the party opposing the motion may not rely upon mere allegations or denials of the pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Sprenkle v. Hartford Life Ins. Co.*, 84 F. Supp. 2d 751 (N.D. W. Va. 2000).

If a party's motion relies upon materials outside of the four corners of the Complaint to support its claim or defenses, as Defendants' motions do here, the court may treat a motion to dismiss as one for summary judgment pursuant to Rule 56. *See Jeffers v. Wal-Mart Stores, Inc.*, 84 F. Supp.2d 775, 777 (S.D. W. Va. 2000). Because the undersigned relies upon the Plaintiff's medical records provided with the Defendants' motion documents in proposing a ruling on the motions, the undersigned believes it is appropriate to treat Defendants' motions as motions for summary judgment. Plaintiff was given proper notice of his obligation to respond to the motions and the materials necessary to oppose summary judgment and failed to file any responses in opposition. Thus, Defendants' motions are unopposed and undisputed.

## ANALYSIS

### A.   Claims against the PrimeCare Defendants.

The PrimeCare Defendants have moved to dismiss the amended complaint for failure to state a plausible claim of deliberate indifference to a serious medical need. The vehicle for such a claim is section 1983 of Title 42 of the United States Code, which provides in pertinent part:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress . . . .

42 U.S.C. § 1983. While not in itself a source of substantive rights, section 1983 provides a "method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To successfully establish a section 1983 claim, "a plaintiff must allege

7

the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by <u>a person</u> acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)) [Emphasis added].

The undersigned is uncertain of whether Plaintiff was a pre-trial detainee or a convicted prisoner at the time in question. If he was a pre-trial detainee, his claim for inadequate medical treatment arises, if at all, under the due process clause of the Fourteenth Amendment, and not under the Eighth Amendment prohibition against cruel and unusual punishment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Hill v. Nicodemus*, 979 F.2d 987, 990 (4th Cir. 1992). However, the inquiry under both amendments is essentially analogous: whether a Defendant exhibited deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Riley v. Dorton*, 115 F.3d 1159, 1166 (4th Cir. 1997), *overruled on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010). Thus, courts often rely upon Eighth Amendment precedent when analyzing medical treatment claims by pre-trial detainees. *But see Kingsley v. Hendrickson*, 576 U.S. 389 (2015) (Fourteenth Amendment objective reasonableness standard applies to excessive force claims brought by pre-trial detainees). To date, our appellate court has not extended the holding in *Kingsley* to claims of inadequate medical treatment. *See Mays v. Sprinkle*, 992 F.3d 295, 301 (4th Cir. 2021) ("we said a pretrial-detainee-medical-deliberate-indifference claim required both an objectively serious medical condition and subjective knowledge of the condition and the excessive risk posed from inaction."); *see also Doe 4 ex rel. Lopez v. Shenandoah Valley Juv. Ctr. Comm'n*, 985 F.3d 327, 340 (4th Cir. 2021).

"To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990); *see also Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986) (collecting cases). "Serious medical needs" are those which have been diagnosed by a physician as mandating treatment or that are so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Gaudreault v. Munic. of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990).

> Deliberate indifference may be demonstrated by either actual intent or reckless disregard. *See Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position. *See id.* Nevertheless, mere negligence or malpractice does not violate the Eighth Amendment. *See Estelle*, 429 U.S. at 106.

*Miltier*, 896 F.2d at 851-852.

Because PrimeCare is a contracted medical provider for the WVDCR, the deliberate indifference standard is applicable to the conduct of both PrimeCare and its employees, who, in that context, are acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1998). However, the Fourth Circuit and other federal courts have held that "[a] private corporation is liable under § 1983 . . . [only] when an official policy or custom causes the alleged deprivation of federal rights." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 727 (4th Cir. 1999); *see also Motto v. Corr. Med. Servs.,* Case No. 5:06-cv-00163, 2007 WL 2897854, 2007 U.S. Dist. Lexis 72436 (S.D. W. Va., Sept. 27, 2007) (Johnston, J.) (unpublished); *Price v. Corr. Med. Servs.,* Case No. 2:08-cv-00259, 2008 WL 5377779 (S.D. W. Va., Dec. 18, 2008) (Faber, J. (unpublished); *Howell v. Evans*, 922 F.2d 712, 723-34 (11th Cir. 1991); *Nelson v. Prison Health Services, Inc.*, 9991 F. Supp. 1452, 1465

9

(M.D. Fla. 1997). Here, Plaintiff has not alleged any such policy or custom by PrimeCare. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that he amended complaint fails to state a plausible deliberate indifference claim against PrimeCare.

Moreover, the burden of demonstrating deliberate indifference to a serious medical need is very high. It is well-settled that:

> A medical need serious enough to give rise to a constitutional claim involves a condition that places the inmate at a substantial risk of serious harm, usually loss of life or permanent disability, or a condition for which lack of treatment perpetuates severe pain. *See Farmer [v. Brennan]*, 511 U.S. [825] 832-35 [(1994)]; *Sosebee v. Murphy*, 797 F.2d 182-83 (4th Cir. 1986); *Loe v. Armistead*, 582 F.2d 1291, 1296-97 (4th Cir. 1978).

*Rush v. VanDevander*, 2008 WL 495651 (W.D. Va., Feb. 21, 2008); *Banks v. Green Rock Corr. Ctr. Med. Dept.*, 2007 WL 2903673 (W.D. Va., Oct. 3, 2007). However, negligence is not sufficient to demonstrate deliberate indifference to a serious medical need. *See Webster v. Jones*, 554 F.2d 1285 (4th Cir. 1977); *see also Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998).

Likewise, disagreements between a health care provider and the inmate over a diagnosis and the proper course of treatment are not sufficient to support a deliberate indifference claim, and questions of medical judgment are not subject to judicial review. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975). As noted by the Fourth Circuit, an inmate is not entitled to unqualified access to health care and treatment may be limited to what is medically necessary and not "that which may be considered merely desirable" to the inmate. *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977).

Plaintiff alleges that the PrimeCare Defendants delayed his HIV testing but does not otherwise allege that he was denied medical treatment or evaluation for any medical condition or symptoms he was experiencing. The PrimeCare Defendants acknowledge that a delay in medical treatment may constitute deliberate indifference. *See Smith v. Smith*, 589 F.3d 736, 739 (4th Cir. 2009) (citing *Estelle*, 429 U.S. at 104-05). However, a constitutional violation only occurs where a delay results in some "substantial harm" to the patient. Thus, in addition to alleging that a medical need was objectively serious, Plaintiff must also show that the delay in the provision of medical care resulted in an objectively "substantial harm" to establish an Eight Amendment violation. *See Webb v. Hamidullah*, 281 F. App'x 159, 166 (4th Cir. 2008) (unpublished decision). (ECF No. 21 at 5). The PrimeCare Defendants assert that Plaintiff's amended complaint neither pleads nor meets the legal threshold for a viable deliberate indifference claim. (*Id.* at 5-6). Their Memorandum of Law states:

> The Plaintiff in this case did not have a serious medical need. He states in his Amended Complaint, "upon my intake on 6/27/21, I notified Regina Bryant and her staff that I had most likely been exposed to HIV and I needed a diagnosis so I would be treated for it." (ECF 11 p. 45) By his own admission, he did not know he had a serious medical condition, but rather, thought he may have been exposed to one. Further, there may have been a delay in getting his HIV test, but the Plaintiff has not alleged, nor can he show that the delay resulted in an objectively "substantial harm." Ultimately, the results of Plaintiff's HIV test showed he did not have HIV.

(*Id.* at 6).

Plaintiff's medical records demonstrate that there is no support for a finding of deliberate indifference to a serious medical need because Plaintiff tested negative for HIV. Thus, it is clear from the undisputed evidence produced in support of the PrimeCare Defendant's motion that Plaintiff received the requested testing and did not require any additional treatment since he tested negative for HIV. Accordingly, the alleged delay in

such treatment did not rise to the level of deliberate indifference to a serious medical need. At best, Plaintiff's allegations demonstrate a difference of opinion concerning the proper course of treatment and the judgment of the medical providers, which is insufficient to support a finding of deliberate indifference.

Based upon the undisputed facts, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff has failed to establish that PrimeCare or Bryant were deliberately indifferent to a serious medical need and, thus, the amended complaint fails to state a plausible claim for relief against them. The undersigned further proposes that the presiding District Judge **FIND** that there are no genuine issues of material fact and that PrimeCare and Bryant are entitled to judgment as a matter of law on Plaintiff's claims against them.

## B. Claims against the WVDCR Defendants.

As aptly noted by their motion, the WRJ, WVDCR, as well as Moore and Aldridge in their official capacities, are not proper defendants in this matter. First, the WRJ is not a legally suable entity. Rather it is just a facility operated by the WVDCR, a state agency. (ECF No. 31 at 4). Moreover, in *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), the Supreme Court held that neither a State, including its agencies, nor its officials acting in their official capacities, are "persons" under § 1983. Thus, the WVDCR and Moore and Aldridge, acting in their official capacities, are not "persons" for the purposes of § 1983. (*Id.* at 5-6).

Furthermore, pursuant to the Eleventh Amendment to the United States Constitution, the power of the federal judiciary does not extend to suits by a citizen of one state against another, or to suits by a citizen against his or her own state. *Hans v. Louisiana*, 134 U.S. 1, 9 (1980). Thus, the Eleventh Amendment of the United States

Constitution bars a suit in a federal court by private parties seeking to impose monetary liability upon a State or State officials, which may be paid from public funds in the state treasury. *Quern v. Jordan*, 440 U.S. 332, 337 (1979). Absent consent or a waiver by statute, federal suits against a state by a citizen of that state or another state are prohibited by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 199 (1985); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99-100 (1984). This immunity extends to state officials as well.

As further addressed in the WVDCR Defendants' motion, none of the narrow exceptions to Eleventh Amendment immunity exist in this case. *Lee-Thomas v. Prince George's Cnty. Pub. Sch.*, 666 F.3d 244, 248-49 (4th Cir. 2012). First, Congress did not waive this sovereign immunity when it enacted § 1983. *See Quern v. Jordan*, 440 U.S. 332, 340 (1979). Furthermore, the State has not waived its right to immunity or consented to this suit. *Lapides v. Bd. of Regents Univ. Sys. of Ga.*, 535 U.S. 613, 618 (2002). Finally, while "the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law," *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004), Plaintiff's claim for injunctive relief is moot since he was tested for HIV and the results were negative. (ECF No. 31 at 6-8). For these reasons, the undersigned proposes that the presiding District Judge **FIND** that the amended complaint fails to state a plausible claim for relief against the WRJ, the WVDCR, and Moore and Aldridge in their official capacities.

Additionally, the amended complaint fails to state any plausible claims for relief against Moore and Aldridge in their individual capacities. Moore and Aldridge are not medical providers and, as prison administrators, they are entitled to rely upon the judgment of the medical providers who are responsible for his treatment. Furthermore,

the amended complaint does not allege that these Defendants had any personal involvement in or in any way interfered with Plaintiff's medical treatment. At best, Plaintiff appears to allege that these two individuals were involved in the denial of his grievances concerning the delay in his HIV testing, which is insufficient to give rise to constitutional liability. It is well-established that denying a prisoner's grievances, by itself, "is not the type of personal involvement required to state an [Eighth Amendment] claim." *See, e.g., Lowe v. Matheney*, No. 2:13-cv-22416, 2015 WL 5795867 *9 (S.D. W. Va. Sept. 30, 2015) (inadequacy of allegations involving supervisory liability claim based upon denial of grievances); *see also Larson v. Meek*, 240 F. App'x 777, 780 (10th Cir. 2007); *Ferris v. Jones*, No. 4:14-cv-454, 2015 WL 4668297, at *9 (N.D. Fla. Aug. 5, 2015). Thus, Plaintiff's allegations against Moore and Aldridge are insufficient to give rise to a constitutional violation and the claims against them should be dismissed.

Moore and Aldridge further assert that they are entitled to qualified immunity. Qualified immunity shields police officers "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional law of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

A clearly established right should not be defined broadly or "at a high level of generality," *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011), and is one that is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012). The Supreme Court has confirmed that "a case directly on point [is not required], but existing precedent must have placed the statutory or constitutional question beyond debate." *al-Kidd*, 563 U.S. at 741. Therefore, when confronted with a claim of qualified immunity, a court must ask the

14

following question: "Taken in the light most favorable to the party asserting the injury, do the [specific] facts alleged show the officer's conduct violated a [clearly-established] constitutional right?" *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Because Plaintiff has not sufficiently established that Moore or Aldridge violate any of his clearly-established constitutional rights, the undersigned proposes that the presiding District Judge **FIND** that they are entitled to qualified immunity on Plaintiff's claims against them.

      **B.**      **Claim for monetary damages for emotional distress.**

The Plaintiff's claims are governed by the Prison Litigation Reform Act ("PLRA") 42 U.S.C § 1997e(e). The PRLA expressly prohibits the filing of civil actions by prisoners "confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). As noted by the Defendants, the PRLA does not define "physical injury" and the Fourth Circuit has not addressed such a definition. Nonetheless, other federal courts have held that the requisite "physical injury" need not be significant but must be "more than *de minimus*." *See e.g., Flanory v. Born*, 604 F.3d 249, 254 (6th Cir. 2010); *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312-13 (11th Cir. 2002); *Siglar v. Hightower*, 112 F.3d (5th Cir. 1997); *Zehner v. Trigg*, 952 F. Supp. 1318 (S.D. Ind. 1997). Moreover, "[a] plaintiff seeking compensatory damages for emotional distress cannot rely on conclusory statements that the Plaintiff suffered emotional distress [or] the mere fact that a constitutional violation occurred, but rather, the testimony must establish that the Plaintiff suffered demonstrable emotional distress, which must be sufficiently articulated." *Knussman v. Maryland*, 272 F.3d 625, 640 (4th Cir. 2001), quoting *Price v. City of Charlotte*, 93 F.3d 1241, 1254 (4th Cir. 1996) (internal quotation marks omitted).

15

(ECF No. 21 at 7). Here, Plaintiff has not shown any physical injury and therefore, cannot prevail on a claim for emotional and psychological damages.

Furthermore, as asserted by Defendants, and uncontested by Plaintiff, allegations that an inmate fears that he may have been exposed to HIV are insufficient to state a plausible claim for relief because "[a]n unsubstantiated fear of contracting a serious disease is not a basis for a constitutional claim" *Quarles v. De La Cuesta*, No. 92-5928, 1993 WL 86460, at *1 (E.D. Pa. Mar. 23, 1993)) (citing *Glick v. Henderson*, 855 F.2d 536, 539 (8th Cir. 1988); *see also Goss v. Sullivan*, 839 F. Supp. 1532 (D. Wyo. 1993); *Deutsch v. Federal Bureau of Prisons*, m737 F. Supp. 261, 267 (S.D.N.Y. 1990), [*22] *aff'd*, 930 F.2d 909 (2d Cir. 1991); *Marcussen v. Brandstat*, 836 F. Supp. 624, 628 (N.D. Iowa 1993) (no serious medical need when plaintiff alleged mental stress from the fear of contracting HIV, caused by sharing a cell with an allegedly HIV-positive inmate who used plaintiff's toiletries, including his razor, which could cause blood-to-blood transmission of the virus); *Johnson v. United States*, 816 F. Supp. 1519, 1521, 1524 (N.D. Ala. 1993) (no serious medical needs when plaintiff alleged that he shared a cell with an inmate who died of AIDS). Thus, Plaintiff cannot recover damages on his claim that he suffered emotional distress based upon his mere speculation that he had contracted HIV.

D. **Claim for injunctive relief.**

Plaintiff's request for injunctive relief in the form of the requested medical testing and treatment is moot because Plaintiff was tested for HIV and the results were negative. Thus, no prospective treatment is required. The power of the federal courts to adjudicate claims turns on the existence of a case or controversy. U.S. Const., art. III, § 2; *Daimler-Chrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). "When a case or controversy ceases to exist because the issue is no longer live or a party 'lack[s] a legally cognizable interest in

the outcome[,]' preventing the court from granting effective relief, the claim becomes moot, and the court lacks the constitutional authority to adjudicate the issue." *Taylor v. Riverside Regional Jail Authority*, 2011 WL 6024499 *4 (E.D. Va., Dec. 2, 2011) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969) and *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)).

Furthermore, as noted in *Taylor*, well-established Fourth Circuit precedent has recognized that "the transfer or release of an inmate from the facility where he suffered the challenged conditions 'moots his claims for injunctive and declaratory relief' pertaining to his imprisonment." 2011 WL 6024499 at *4; *see also Rendellman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("as a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there.")

Plaintiff received the testing he was seeking and needed no further treatment due to his negative test. Moreover, Plaintiff has since been transferred to the Mount Olive Correctional Complex, which has a different contracted medical provider. Thus, Plaintiff cannot receive any further treatment from the PrimeCare Defendants anyway. For these reasons, the undersigned proposes that the presiding District Judge **FIND** that any claims for declaratory and injunctive relief made by Plaintiff herein must be denied and dismissed as moot.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the Motion to Dismiss and Alternative Motion for Summary Judgment filed by Defendants PrimeCare and Bryant (ECF No. 20) and the

17

Motion to Dismiss filed by Defendants WRJ, WVDCR, Moore, and Aldridge (ECF No. 30) and dismiss this matter from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985*); United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing parties and Judge Chambers.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and to transmit a copy to counsel of record.

May 17, 2022

Dwane L. Tinsley
United States Magistrate Judge